PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE C. MURGIDA, | ) | |
| | ) | CASE NO. 5:17CV0229 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| DISTRICT NO. 11, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 42] |

Pending is Defendant Ohio Department of Transportation's Motion *in Limine* (ECF No. 42). Defendant moves the Court for an order *in limine* excluding Plaintiff Christine Murgida from offering the following anticipated evidence during the trial in this matter:

1. Any evidence regarding motions for summary judgment or pretrial rulings in this case, including Murgida's claim of retaliation, which she voluntarily conceded;

2. Any use of the words "retaliation," "complaint," or "protected activity" by Murgida and/or her counsel;

3. Any evidence regarding lost retirement benefits because Murgida has not retired from Defendant's employ, and any award of "back pay" in the form of compensatory damages would trigger retirement contributions by statute -- to allow Murgida to request retirement contributions in the form of a lump sum or otherwise would not only confuse the jury but

(5:17CV0229)

lead to a "double recovery" under Sixth Circuit case law, *see, e.g.*, *Hance v. Norfolk S. Ry.*, 571 F.3d 511, 523 (6th Cir. 2009);

4. Any reference to Murgida not being selected as District 11 District Construction Administrator;

5. Any reference to Murgida's feeling that she had been "blackballed" or her unsuccessful inquiries into and applications for other positions with Defendant after she was not selected as District 11 District Construction Administrator, including the District Construction Administrator positions in other Districts, potential opportunities related to P3 projects, a position related to the Portsmouth bypass project, and the Deputy Director of Construction position;

6. Any reference to Lloyd MacAdam being promoted and/or his current position as Assistant Director for Transportation Policy and Chief Engineer;

7. Any reference of Murgida's treatment by or consultation with any health care professionals beyond that which has been previously identified herein;

8. Any reference to the alleged acts of harassment Murgida accuses MacAdam of engaging in between January 10, 2011 and March 21, 2012;

9. Any reference to any other claim(s) of discrimination or retaliation against Defendant, the State of Ohio, or the Ohio Attorney General's Office, including "Me Too" type evidence or reference to any "Me Too" movement;

10. Any reference to the resources of Defendant or the State to pay a judgment;

11. Any argument to "send a message" or act as the "conscience of the community;" and,

(5:17CV0229)

> 12. Any reference or argument asking jurors to treat Murgida as a family member or a friend for purposes of these deliberations, or similar comments disallowed under jurisprudence related to the "Golden Rule" style of arguments.

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

Plaintiff only opposes half of Defendants' requests in her memorandum in opposition ([ECF No. 43](ECF No. 43)), *i.e.*, the Third, Fourth, Fifth, Sixth, Eighth, and Ninth. Without opposition, Plaintiff is barred from offering the following anticipated evidence during the trial in this matter:

> 1. Any evidence regarding motions for summary judgment or pretrial rulings in this case, including Murgida's claim of retaliation, which she voluntarily conceded;
>
> 2. Any use of the words "retaliation," "complaint," or "protected activity" by Murgida and/or her counsel;
>
> 7. Any reference of Murgida's treatment by or consultation with any health care professionals beyond that which has been previously identified herein;
>
> 10. Any reference to the resources of Defendant or the State to pay a judgment;
>
> 11. Any argument to "send a message" or act as the "conscience of the community;" and,
>
> 12. Any reference or argument asking jurors to treat Murgida as a family member or a friend for purposes of these deliberations, or similar comments disallowed under jurisprudence related to the "Golden Rule" style of arguments.

Below, the Court analyzes the six (6) requests Plaintiff opposes. As evidence is presented at trial, the Court may revisit one or more of these rulings.

3

(5:17CV0229)

> **3. Any evidence regarding lost retirement benefits because Murgida has not retired from Defendant's employ, and any award of "back pay" in the form of compensatory damages would trigger retirement contributions by statute -- to allow Murgida to request retirement contributions in the form of a lump sum or otherwise would not only confuse the jury but lead to a "double recovery" under Sixth Circuit case law,** see, e.g., *Hance v. Norfolk S. Ry.*, **571 F.3d 511, 523 (6th Cir. 2009).**

Plaintiff, who is still employed by Defendant, intends (1) to introduce testimony or other evidence of "lost retirement benefits" due to the reclassification of her from a Transportation Engineer 5 ("TE5") to a Transportation Engineer 3 ("TE3") and (2) ask for an award of benefits that includes some monetized amount for "lost retirement benefits." In *Hance*, the Sixth Circuit found the district court's award of substitute retirement benefits to the plaintiff could not stand because "it goes beyond what is needed to make the plaintiff whole." 571 F.3d at 523. If Murgida wishes to prove Lloyd MacAdam acted on his alleged feeling that she should not make more money than him, she may point to the effect of the job audit of her position in 2015 on her wages. She may not speculate about lost retirement benefits that could lead to an impermissible double recovery, as Defendant would (if Plaintiff's prevailed) already be required to make retirement contributions based on an award of back pay.

For good cause shown, the Third request is granted.

> **4. Any reference to Murgida not being selected as District 11 District Construction Administrator.**

Citing Fed. R. Evid. 402 and 403, Defendant argues that Plaintiff should be prohibited from referencing her non-selection in April 2012 as District 11 District Construction Administrator ("DCA") because she cannot recover for her non-selection as DCA. The Court previously ruled that it will apply the discovery rule in the case at bar. Therefore, Plaintiff will

4

(5:17CV0229)

be allowed to pursue evidence of MacAdam's 2012 audit attempt, which could also bring other asserted discriminatory acts of MacAdam in 2011-2012 into Plaintiff's claim for gender/sex discrimination. *See* Memorandum of Opinion and Order (ECF No. 41) at PageID #: 1084.

As the Court previously pointed out, Plaintiff may rely on evidence of comments by MacAdam motivated by her sex which, although barred by a statute of limitations as independently actionable conduct, is admissible to prove motive or intent.[1] *See Black Law Enforcement Officers Ass'n v. City of Akron, Ohio*, 824 F.2d 475, 482-83 (6th Cir. 1987); *Wells v. New Cherokee Corp.*, 58 F.3d 233, 236 (6th Cir. 1995) (noting that the plaintiff "may offer" a defendant's time-barred "conduct as evidence of its motivation"); *Migra v. Ohio Dept. of Rehabilitation and Correction*, No. 1:95CV2774 (N.D. Ohio Nov. 26, 1996) (Matia, J.), *aff'd*, No. 97-3284, 1998 WL 344034 (6th Cir. May 28, 1998); *Herendeen v. Michigan State Police*, 39 F. Supp.2d 899, 907 (W.D. Mich. 1999). *See* ECF No. 41 at PageID #: 1084-85. A stipulation that Plaintiff does not seek a recovery for a time-barred claim could have resolved this request in

---

[1] Fed. R. Evid. 404(b)(1) provides that "[e]vidence of a . . . wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). The Sixth Circuit follows a three-step process when evaluating admissibility of prior acts evidence under Rule 404(b). *United States v. Clay*, 667 F.3d 689, 693 (6th Cir. 2012).
  It is well-established that limiting instructions are effective at managing potential prejudice posed by 404(b) evidence when they are targeted to the specific purposes for which the evidence is admitted. *United States v. Stout*, 509 F.3d 796, 807 (6th Cir. 2007) (McKeague, J. dissenting) (noting that "a properly crafted limiting instruction . . . would militate against any danger of unfair prejudice").

5

(5:17CV0229)

part.  Therefore, lead counsel of record may stipulate that Plaintiff's non-selection for the DCA position is not a claim wherein a remedy is sought by Plaintiff.

The Fourth request is denied.

**5. Any reference to Murgida's feeling that she had been "blackballed" or her unsuccessful inquiries into and applications for other positions with Defendant after she was not selected as District 11 District Construction Administrator, including the District Construction Administrator positions in other Districts, potential opportunities related to P3 projects, a position related to the Portsmouth bypass project, and the Deputy Director of Construction position.**

Decisions about other positions with Defendant outside of District 11 that Plaintiff inquired about or applied for between 2012 and 2014 were made by individuals other than MacAdam.  *See* Joint Uncontested Facts (ECF No. 29) at PageID #: 825, ¶ 12; Plaintiff's Job Attempts (ECF No. 29-2); Deposition of Lloyd McAdam (ECF No. 22) at PageID #: 546-47. Allowing Plaintiff to tell the jury about her unsuccessful inquiries into and applications for those positions that are not directly at issue in the case at bar may lead the jury to wrongfully impute any discriminatory animus it evidences to MacAdam's alleged discrete decisions.  *See, e.g, Legens v. Nationwide Ins. Co.*, No. 2:2001CV00794, 2005 WL 6196421, at *3 (S.D. Ohio Nov. 7, 2005) ("The Court . . . will not allow evidence of plaintiff's efforts to secure other positions to the extent that it includes reference to plaintiff's allegations of discrimination with respect to those positions.").

Plaintiff is also prohibited from testifying that she was "blackballed" or making other similar statements as such would be improper lay opinion and risk unfair prejudice to Defendant. *Cf.* Fed. R. Evid. 701 (authorizes non-expert witnesses to give opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or

6

(5:17CV0229)

to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge").[2]

For good cause shown, the Fifth request is granted.

**6. Any reference to Lloyd MacAdam being promoted and/or his current position as Assistant Director for Transportation Policy and Chief Engineer.**

If relevant, the jury may hear evidence of the positions MacAdam has held and currently holds. That MacAdam was promoted in March 2018,[3] on its own, does not establish that Defendant condoned gender/sex based hostile work environment and/or gender/sex discrimination. Plaintiff's argument that MacAdam "advanced within ODOT while he relegated Ms. Murgida to lesser positions after she served as the DCE in District 11," ECF No. 43 at PageID #: 1109, will not be allowed at trial unless supported by relevant facts and the probative value of these relevant facts is not outweighed by the potential prejudice to Defendant's defense. Fed. R. Evid. 403.

The Sixth request is denied.

**8. Any reference to the alleged acts of harassment Murgida accuses MacAdam of engaging in between January 10, 2011 and March 21, 2012.**

Plaintiff cites these alleged acts of harassment as the basis for her gender/sex-based hostile work environment claim. In the interest of minimizing objections made during trial and

---

[2] Plaintiff previously conceded that the retaliation claim in the Complaint (ECF No. 1) will not be pursued. Memorandum in Opposition (ECF No. 34) at PageID #: 959 n. 1.

[3] *See* https://www.timesreporter.com/news/20180311/lloyd-macadam-leaves-odot-district-11-for-new-position (last visited Feb. 6, 2019).

7

(5:17CV0229)

preserving its rights on appeal, Defendant reasserts its request that this Court exclude this evidence. ECF No. 42 at PageID #: 1097; ECF No. 46 at PageID #: 1122. *See Smith v. Rock-Tenn Svcs., Inc.*, 813 F.3d 298, 312-13 (6th Cir. 2016) ("If the trial court has made an explicit and definitive ruling on the record of the evidentiary issues to be decided, and has not indicated that the ruling is conditioned upon any other circumstances or evidence, then counsel need not renew the objection at the time the evidence is offered.") (quoting *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)).

As stated above with regard to Request No. 4, the Court previously ruled that it will apply the discovery rule in the case at bar. Therefore, Plaintiff will be allowed to pursue evidence of MacAdam's 2012 audit attempt, which could also bring other asserted discriminatory acts of MacAdam in 2011-2012 into Plaintiff's claim for gender/sex discrimination. *See* ECF No. 41 at PageID #: 1084. The Court also ruled that MacAdam's alleged creation of a hostile work environment through actions he is purported to have taken in 2011 and 2012 did not exceed the scope of Plaintiff's administrative complaints. *See* ECF No. 41 at PageID # 1079-80.

As previously pointed out, Plaintiff may rely on evidence of comments by MacAdam and motivated by her sex which, although barred by a statute of limitations as independently actionable conduct, is admissible to prove motive or intent. *See Black Law Enforcement Officers Ass'n*, 824 F.2d at 482-83; *Wells*, 58 F.3d at 236 (noting that the plaintiff "may offer" a defendant's time-barred "conduct as evidence of its motivation"); *Migra v. Ohio Dept. of Rehabilitation and Correction*, No. 1:95CV2774 (N.D. Ohio Nov. 26, 1996) (Matia, J.),

(5:17CV0229)

*aff'd*, No. 97-3284, 1998 WL 344034 (6th Cir. May 28, 1998); *Herendeen,* 39 F. Supp.2d at 907. *See* ECF No. 41 at PageID #: 1084-85.

The Eighth request is denied.

**9. Any reference to any other claim(s) of discrimination or retaliation against Defendant, the State of Ohio, or the Ohio Attorney General's Office, including "Me Too" type evidence or reference to any "Me Too" movement.**

The parties agree that "ODOT cannot un-ring the societal bells that have brought the 'me too' movement to bear on the forefront of conversation, politics and media in this country." ECF No. 43 at PageID #: 1110; ECF No. 46 at PageID #: 1122. Defendant argues, however, that Plaintiff should be prohibited from introducing evidence of unrelated claims, incidents or lawsuits involving Defendant, the State of Ohio or the Ohio Attorney General's office and its employees. The Court agrees. Unrelated prior claims or lawsuits are not relevant to Plaintiff's claims for gender/sex-based hostile work environment and gender/sex-based discrimination. *See, e.g., Moreno v. Los Angeles Cty. Sheriff's Dept.*, No. 2:13-cv-07570-CAS(MANx), 2015 WL 5050507, at \*6 (C.D. Cal. Aug. 24, 2015) ("unrelated prior claims or lawsuits filed against the County -- and the evidence, witness testimony, and contentions contained therein -- are not relevant to the question of whether decedent suffered a violation of his constitutional rights"). The Court also agrees that even if unrelated prior claims or lawsuits were relevant, under Fed. R. Evid. 403 the relevance is far outweighed by the prejudicial impact. *See, e.g., Robinson v. Walmart Stores East, LP*, No. 14-6006-CV-SJ-FJG, 2015 WL 4886589, at \*4 (W.D. Mo. Aug. 17, 2015) (sustaining plaintiff's motion *in limine* regarding unrelated prior injuries).

For good cause shown, the Ninth request is granted.

(5:17CV0229)

Defendant Ohio Department of Transportation's Motion *in Limine* ([ECF No. 42](ECF No. 42)) is granted in part and denied in part. Plaintiff is barred from offering the evidence addressed in all but the Fourth, Sixth, and Eighth requests.

Counsel are reminded that this case is set for jury trial on March 18, 2019. *See* Non-document Order dated October 17, 2018; Civil Trial Order ([ECF No. 16](ECF No. 16)).

IT IS SO ORDERED.

| | |
|---|---|
|   February 6, 2019 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |